IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| MARTHA PEREZ,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | **ORDER**<br><br>Case No.: 2:07-CV-00523<br>*Related to Case No.*: 2:03-CR-00592<br><br>Judge Dee Benson |

Petitioner Martha Perez moves this court to vacate, set aside, and/ or correct her sentence pursuant to 28 U.S.C. § 2255. Specifically, Ms. Perez alleges ineffective assistance of counsel in the entry of her guilty plea. Ms. Perez raises a number of arguments to support her claim of ineffective assistance of counsel. She argues that her attorney gave her incorrect advice concerning her sentencing; that he employed extraordinary efforts to elicit from her an admission of guilt; that he failed to discuss the risks and benefits of a guilty plea; and that he simply accepted the Government's version of the facts, failing to conduct his own investigation and to file any motions on her behalf.

A petitioner claiming ineffective assistance of counsel must show first, that counsel's representation fell below an objective standard of reasonableness, and, second, that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984). When reviewing claims of ineffective assistance of counsel, there is "a strong presumption that counsel provided effective assistance, and a section 2255 [petitioner] has the burden of proof to

overcome that presumption." *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (quoting *United States v. Williams*, 948 F. Supp. 956, 960 (D. Kan. 1996)).

From the record before the court, it is clear that Ms. Perez cannot meet her burden. Ms. Perez offers no evidence to support the above claims other than a few cursory statements. On the other hand, the record clearly shows that Ms. Perez's representation met an objective standard of reasonableness and that she entered her plea agreement knowingly and voluntarily. During the plea colloquy, the court asked Ms. Perez, "Have you reviewed this matter with your attorney, including a discussion of the terms of the written document (the plea agreement) that is there in front of you on the lectern? Tr. of 1/19/06 at 5. Ms. Perez responded, "Yes. The attorney explained all of this to me with an interpreter.... From the beginning I accepted my responsibility." *Id.* The court then asked Ms. Perez if she was ready to sign the document. She responded, "May I ask my attorney?" *Id.* After briefly consulting with her attorney, Ms. Perez stated, "I am ready to go forward." *Id.* She then signed the document. *Id.*

The record also reflects that during the change of plea hearing and later at sentencing, Ms. Perez's attorney challenged the governments evidence with regards to the amount of controlled substance involved in the offense. In direct contradiction to Ms. Perez's claim, therefore, it is clear that her attorney did not simply accept the government's evidence unchallenged. Furthermore, prior to the change of plea hearing the record shows that Ms. Perez's attorney filed motions on her behalf and was working to further her interests.

The record clearly demonstrates that Ms. Perez's representation did not fall below an objective standard of reasonableness. Having failed to meet her burden of proof, Ms. Perez's motion to vacate, set aside, and/ or correct her sentence is hereby DENIED.

IT IS SO ORDERED.

DATED this 16th day of October, 2007.

_____
Dee Benson
United States District Judge